UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**Civil Action Number:**

JESUS GONZALEZ

   Plaintiff,
vs.

OLD NAVY, LLC
d/b/a Old Navy 05161

   Defendant.
_____/

**COMPLAINT FOR INJUNCTIVE RELIEF**

Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant Old Navy, LLC d/b/a Old Navy 05161 ("Defendant") for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

**JURISDICTION**

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

3. Defendant is authorized to conduct, and is conducting, business within the State of Florida and within the jurisdiction of this court.

1

## PARTIES

4. Plaintiff Jesus Gonzalez is a resident of the state of Florida. Plaintiff has a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D). Plaintiff is also a "tester" to determine whether public accommodations are in compliance with the ADA/ADAAG.

5. Defendant Old Navy, LLC is a foreign limited liability company which is an American clothing company specializing in clothing for men, women and children. On information and belief, Old Navy, LLC is a wholly owned subsidiary of the Gap, Inc. In 1993 Old Navy was acquired by The Gap, Inc., which is a NYSE public company on the S&P 400 Component, with 2020 reported revenue of 13.8 billion and 117,000 employees worldwide among all of its subsidiaries[1]. There are 1,106 Old Navy clothing store locations.

## FACTS

6. At all times material hereto, Defendant has been leasing commercial retail property located at 7200 North Kendall Drive, Miami Florida 33156, which is a part of a regional shopping center branded as Shoppes at Dadeland and is also referenced as Folio 30-5002-073-0020. The retail space that Defendant leases is built out as an "Old Navy" brand retail store identified as Old Navy 05161.

7. Defendant's Old Navy 05161 retail store is open to the general public; therefore, it is a place of public accommodation pursuant to 42 U.S.C. §12181(7)(E) and 28 C.F.R. §36.104(5) as an "other" sales establishment. Old Navy 05161 is also referenced as

---

[1] Old Navy, Banana Republic, GAB, Athleta, Janie and Jack, Hill City, and Intermix.

"Old Navy retail store," "(retail) store," "clothing store," or "place of public accommodation."

8. As the owner/operator of a retail store open to the public, Defendant is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns and operates establishments serving food and drinks; 42 U.S.C. §12182, §12181(7)(E); 28 C.F.R. §36.104(5).

9. On December 31, 2021 Plaintiff went to the Old Navy retail store located therein to shop for clothing and test the store for compliance with the ADA/ADAAG.

10. While patronizing the clothing store, Plaintiff had occasion to use the restroom available to the public. While using the restroom, Plaintiff met multiple areas of inaccessibility due to the fact that he perambulates with the assistance of a wheelchair. Due to the non-compliant and inaccessible facilities, Plaintiff has been denied full and equal access.

11. Based on the access impediments delineated herein below, Plaintiff has been denied full and equal access to the Old Navy retail store and Plaintiff left that store feeling excluded, humiliated and dejected.

12. As a result, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

13. As the owner and operator of a national chain of Old Navy brand retail stores, Defendant is aware of the need to provide equal access to individuals with disabilities. Therefore, Defendant's failure to reasonably accommodate individuals with disabilities at its Old Navy 05161 store is/was willful, malicious, and oppressive and in compete disregard for the civil rights of Plaintiff and in violation of 28 C.F.R. §36.302.

14. Plaintiff is and has been a customer of Old Navy clothing and continues to desire to return to Defendant's Old Navy 05161 store located in the Shoppes at Dadeland to test for compliance with the ADA/ADAAG, but Plaintiff continues to be injured in that he is concerned that he will again be humiliated, segregated, and discriminated against due to the barriers to access which are in violation of the ADA.

15. Any and all requisite notice has been provided.

16. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendant pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

17. The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Over thirty years have passed since enactment of the ADA and there is no excuse for public accommodations and places of public accommodation to have failed to comply with the legislation.

18. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,
(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

19.     Prior to the filing of this lawsuit, Plaintiff patronized the Old Navy 05161 retail store at the Shoppes at Dadeland, however Plaintiff was denied adequate accommodation because (as a disabled individual who utilizes a wheelchair for mobility) he encountered barriers to access when he used the restroom located within the store. Therefore, Plaintiff has suffered an injury in fact.

20.     Defendant has discriminated, and continues to discriminate, against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at its Old Navy 05161 retail store located within the Shoppes at Dadeland, in derogation of 42 U.S.C. §12101 *et seq.*, and as prohibited by 42 U.S.C. §12182 *et seq.* by failing to barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

21.     Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, the accommodations and services offered at the Old Navy 05161 retail store located within the Shoppes at Dadeland.

22.     Defendant is governed by the ADA and must be in compliance therewith. Defendant has discriminated against disabled patrons in derogation of 28 C.F.R. Part 36.

23.     Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

24. Defendant's Old Navy 05161 retail store located within the Shoppes at Dadeland is in violation of 42 U.S.C. §12181 *et seq.,* the ADA and 28 C.F.R. §36.302 *et seq.,* and Defendant has discriminated against the Plaintiff as a result of <u>inter alia</u>, the following specific violations:

i. Plaintiff could not enter the public restroom without assistance, as the required maneuvering clearance to enter the restroom is not provided due to the placement of a trash bin which encroaches over the maneuvering clearance on the pull side of the door. This is a violation of Section 4.13.6 of the ADAAG which states that the minimum maneuvering clearances for doors be within specifications shown in Fig. 25 and that the ground floor within the required clearance be level and clear. The clear maneuvering clearance for a front approach must be 48 min (and for side approach, 54 by 42 min), which not attained in the instant case. This is also a violation of Section 404.2.4 of the 2010 ADA Standards for Accessible Design which states that minimum maneuvering clearances at doors (and gates) shall comply with (the table at) 404.2.4; in this instance, the encroaching trash bin is in violation of the minimum required maneuvering clearance for entry to the restroom.

ii. Plaintiff had difficulty closing the stall door as the toilet compartment (stall) door does not provide self-closing hinges. This is a violation of Section 604.8.1.2 of the 2010 ADA Standards for Accessible Design states that toilet compartment doors shall be self-closing. This is also a violation of Sections 4.17.5 and 4.13.10 of the ADAAG. Section 4.17.5 states that toilet door hardware must comply with Section 4.13, and Section 4.13.10 states that door closers must take at least 3 seconds to move to a point of 3" from the latch.

iii. Plaintiff had difficulty closing the stall door, as the toilet compartment stall door was missing pull handles on both sides of the door near the latch.  This is a violation of 28 C.F.R. Part 36, Section 4.27.4 of the ADAAG which states that controls and operating mechanisms shall be operable with one hand and shall not require tight grasping, pinching, or twisting of the wrist. The forces required to activate controls shall be no greater than 5 lb. (22.2 N). This is also a violation Section 604.8.1.2 of the 2010 ADA Standards for Accessible Design which states that toilet compartment doors, including door hardware, shall comply with Section 404; specifically, Sections 404.2.7 and 309.4: "operable parts of such hardware shall be 34 inches (865 mm) minimum and 48 inches (1220 mm) maximum above the finished floor or ground."

iv. Plaintiff could not transfer to the toilet without assistance, as the side wall grab bar does not have the required clearance as the seat cover dispenser is mounted over the side wall grab bar which infringes on the required space. Wall-mounted objects, such as seat cover dispensers, can interfere with the use of grab bars if placed above grab bars which is a violation of Section 4.26 of the ADAAG and Section 609.3 of the 2010 ADA Standards for Accessible Design which states that the space between the grab bar and projecting objects below and at the ends shall be 1½ inches (38 mm) minimum, and the space between the grab bar and projecting objects above shall be 12 inches (305 mm) minimum. Further, Section 4.26.2 Fig. 39(d) demarks that clear space above the grab bar must be 18 inches for a recessed grab bar and Fog. 39(a) demarks 1½ inches (38 cm) clear space above the grab bar.  In this instant case, the space between the wall and grab bar is not as required by section 4.26.2

    v.    Plaintiff could not use the toilet without assistance, as the toilet is mounted at a non-compliant distance from the side wall. This is a violation of Sections 4.16.2 of the ADAAG and Sections 604.2 of the 2010 ADA Standards for Accessible Design. According to Section 4.16.2 at Fig 28, the toilet should be mounted 18 min (455 mm) from the side wall to the center line of toilet. The side wall mount shall be either mounted 18 min (455 mm) from the side wall to the center line of toilet or min (1065 cm) from the side wall to the center of the toilet.

    vi.    Plaintiff could not transfer to the toilet without assistance, as the side wall grab bar is not in the required location from the rear wall. This is a violation of Section 4.16.4 and Figure 29 of the ADAAG and Section 604.5.1 of the 2010 ADA Standards for Accessible Design which states that the side wall grab bar shall be 42 inches (1065 mm) long minimum and located 12 inches (305 mm) maximum from the rear wall and extending 54 inches (1370 mm) minimum from the rear wall.

    vii.    Plaintiff could not use the seat cover dispenser without assistance, as it is mounted behind the water closet and out of reach for Plaintiff due to his disability. This is a violation of Section 4.2.5 at Fig. 5(b) of the ADAAG and Section 308.2.1 of the 2010 ADA Standards for Accessible Design.  Generally, the standards which require dispensers such as a seat cover dispenser be placed so that the maximum high forward reach is 48 in (1220 mm) and the minimum low forward reach is 15 in (380 mm) (see Fig. 5(a)). However, in this instance, due to the obstruction (of the toilet) to the seat cover dispenser, since the high forward reach is over an obstruction, Section 4.2.5 states that reach and clearances must meet those shown in Fig. 5(b), so

    that the maximum high forward reach is 46 in (1170 mm) and the minimum low forward reach is 34 in (865 mm).

 viii. Plaintiff could not use the lavatory sink (inside the stall) without assistance, as the lavatory sink does not provide knee clearance above the finished floor to bottom leading edge of fixture at 8" horizontal projection. The appropriate knee clearance must be at least 27" (685 mm) high, 30" (760 mm) wide, and 19" (485 mm) deep underneath the sink. The lavatory sink is mounted without proper knee clearance in violation of the requirements in Section 4.19.2 of the ADAAG which states that lavatories shall be mounted with the rim or counter surface no higher than 34 in (865 mm) above the finished floor. This is a violation of Section 606.2 of the 2010 ADA Standards for Accessible Design which requires compliance with Section 306.3 (Fig. 306.3). Section 606.3 also states that lavatories shall be mounted with the rim or counter surface no higher than 34 in above the finished floor.

 ix. Plaintiff was exposed to a cutting/burning hazard at the lavatory sink (inside the stall) because that sink does not have fully wrapped bottom sink pipes due to lack of proper maintenance such that there is no proper insulation protecting users of that sink against the plumbing pipes under the sink. This is a violation of Section 4.19.4 of the ADAAG which states that hot water and drain pipes under lavatories shall be insulated or otherwise configured to protect against contact. This is also a violation of Section 606.5 of the 2010 ADA Standards for Accessible Design, because the lavatory pipes are not fully wrapped or maintained.

 x. Plaintiff could not use the lavatory sink (outside the stall) without assistance, as the lavatory sink does not provide the appropriate knee clearance above the finished

       floor to bottom leading edge of fixture at 8" horizontal projection in violation of 28 C.F.R. Part 36, Sections 4.24.3, 4.19.2 and 4.2.4 of the ADAAG and Sections 606.2 and 305.3 of the 2010 ADA Standards for Accessible Design. Section 4.19.2 of the ADAAG which states that lavatories shall be mounted with the rim or counter surface no higher than 34 in (865 mm) above the finished floor.

  xi.  Plaintiff could not use the lavatory mirror (outside the stall) as the lavatory mirror is mounted too high, which is in violation of Section 213.3.5 of 28 C.F.R. Part 36, Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards for Accessible Design which states that mirrors located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 40 inches (1015 mm) maximum above the finished floor or ground and mirrors not located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 35 inches (890 mm) maximum above the finished floor or ground.

  xii.  Plaintiff could not use the coat hook without assistance, as it is not mounted at the required location. This is a violation of Section 4.2.5 of the ADAAG which states that the (unobstructed) maximum high forward reach allowed shall be 48 in (1220 mm) (as depicted at Fig. 5 (a)), and the minimum low forward reach shall be 15 in (380 mm). This is also a violation of Section 308.2.1 of the 2010 ADA Standards for Accessible Design, which states that, where a forward reach is unobstructed, the high forward reach shall be 48 inches (1220 mm) maximum and the low forward reach shall be 15 inches (380 mm) minimum above the finish floor or ground.

    25.    Pursuant to 42 U.S.C. §12101et seq., and 28 C.F.R. §36.304, Defendant is required to make its Old Navy 05161 retail store at the Shoppes at Dadeland accessible to

persons with disabilities since January 28, 1992. Defendant has failed to comply with this mandate.

26. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order for Defendant to alter its Old Navy 05161 retail store at the Shoppes at Dadeland such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff Jesus Gonzalez hereby demands judgment against Defendant Old Navy, LLC and requests the following relief:

a) The Court declare that Defendant has violated the ADA;

b) The Court enter an Order directing Defendant to evaluate and neutralize its policies, practices and procedures toward persons with disabilities,

c) The Court enter an Order requiring Defendant to alter its Old Navy 05161 retail store at the Shoppes at Dadeland such that all areas are accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d) The Court award reasonable costs and attorneys fees; and

e) The Court award any and all other relief that may be necessary and appropriate.

Dated this 24th day of February, 2022.

>Respectfully submitted,
>
>*/s/ J. Courtney Cunningham*
>J. Courtney Cunningham, Esq.
>J. COURTNEY CUNNINGHAM, PLLC
>FBN: 628166
>8950 SW 74th Court, Suite 2201
>Miami, Florida 33156

        Telephone:  305-351-2014
        Email: cc@cunninghampllc.com
        *Counsel for Plaintiff*